United States District Court
for the
Southern District of Florida

| Ricardo Garcia, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) Civil Action No. 18-20509-Civ-Scola |
| | ) |
| Scottsdale Insurance Co., | ) |
| Defendant. | ) |

**Order Granting Motion to Dismiss**

Plaintiff Ricardo Garcia claims Scottsdale Insurance Co. ("Scottsdale") breached an insurance contract by failing to cover damages suffered by his residence on March 26, 2016. Garcia seeks relief under four counts: count one, for breach of contract; count two, for declaratory relief; count three, for breach of the duty of good faith under Fla. Stat. § 624.155, and count four, for a petition for mediation. (Compl., ECF No. 1-1). Scottsdale argues that Garcia's complaint should be dismissed for failure to state a claim for which relief can be granted. (Def.'s Mot. to Dismiss, ECF No. 7). Garcia responds that his complaint has alleged sufficient facts to adequately state a claim. (Pl.'s Resp., ECF No. 8). After careful review, the Court agrees with Scottsdale and **grants** its motion to dismiss (**ECF No. 7**).

1. **Factual Background**[*]

Garcia owns a residence in Miami, Florida, and maintains an insurance policy on the property through Scottsdale. (Compl. at ¶¶ 4, 8). On March 26, 2016, his property suffered water damage, for which he initiated an insurance claim with Scottsdale. (*Id.* at ¶¶ 8–9). Scottsdale has not paid the full amount of damages Garcia sought in his claim. (*Id.* at ¶¶ 11–13). Furthermore, Scottsdale has never sent an insurance adjuster to evaluate Garcia's claim, and Garcia was therefore forced to hire a public adjuster. (*Id.* at ¶¶ 25, 31). Garcia has previously provided Scottsdale with notice of his belief that Scottsdale has failed to fulfill its contractual duties under his insurance policy. (*Id.* at ¶ 36).

Garcia filed his complaint in state court on January 9, 2018. (Compl.). Scottsdale removed the case to federal court on February 8, 2018, on grounds

---

[*] This Factual Background is comprised of Garcia's allegations, which the Court accepts as true and construes in the light most favorable to Garcia per Federal Rule of Civil Procedure 12(b)(6).

of diversity jurisdiction, alleging diversity of citizenship and claims in excess of $75,000. (Def.'s Not. of Removal, ECF No. 1).

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

In light of these standards, the Court finds that Garcia has failed to adequately state a claim for which relief can be granted.

## 3. Legal Analysis

### A. Garcia fails to state a claim for breach of contract.

Garcia argues that his complaint sufficiently alleges the elements of a breach of contract action and should therefore survive the motion to dismiss. (Pl.'s Resp. at 4–5). The Court disagrees, however, and finds Garcia's complaint to contain mere legal conclusions with no factual support.

In his response, Garcia points to paragraphs forty-two through forty-five of his complaint as evidence he has fulfilled his Rule 8 requirements. (Pl.'s Resp. at 4–5). These paragraphs, however, simply conclude that Scottsdale

breached its contract with Garcia without providing any facts showing what provision of the contract Scottsdale is alleged to have breached. (Compl. at ¶¶ 42–45). Garcia provides no statement alleging what part of his property was damaged, what caused the damage, what repairs were necessary, what policy provisions Scottsdale breached by not covering his loss, or even what portions of his claim Scottsdale declined to cover under his policy. As such, his complaint presents nothing more than the sort of "the defendant-unlawfully-harmed-me accusation" that *Iqbal* prohibits. 556 U.S. at 678.

Garcia does make specific reference to the claim number Scottsdale has assigned to him. (Compl. at ¶ 9). He argues that his citation of the claim number should allow Scottsdale to properly respond to his allegations. (Pl.'s Resp. at 3). The Court disagrees, however, as the mere citation of the claim number in Garcia's complaint does not put the Court on notice as to the nature of his actual dispute with Scottsdale. Furthermore, his citing only the claim number does not give Scottsdale adequate notice of Garcia's legal theories to which it must respond. Indeed, Scottsdale itself makes reference to a second dispute and lawsuit with Garcia over the same insurance policy, arguing that the current complaint makes no distinctions between the two existing policy disputes. (Def.'s Resp. at 3); *Garcia v. Scottsdale Ins. Co.*, No. 17-CV-24565 (S.D. Fla. remanded May 23, 2018). Because Garcia does not provide any facts to support his legal conclusions, his complaint fails to rise above a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As such, the Court finds Garcia has failed to state a claim for which relief can be granted.

### B. Garcia's request for declaratory judgment is duplicative of his claim for breach of contract.

Declaratory judgment claims may properly coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim. *See Kenneth F. Hackett & Assoc., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1311 (S.D. Fla. 2010) (Altonaga, J.) (finding plaintiff's declaratory judgment claim could affect future payments or rate increases under the existing contract and so sought different relief than the plaintiff's breach of contract claim). Such claims for declaratory judgment must be forward-looking, rather than retrospective, as any retrospective declaration would be equally solved by resolution of the breach of contract claim. *Id.* Therefore, the Court finds Garcia's claim for declaratory judgment duplicative and dismisses it without prejudice.

Garcia argues that he seeks "a declaratory judgment as to the party's obligations and duties to cooperatively adjust the loss." (Pl.'s Resp. at 10). He

bases his claim on Scottsdale's "failure and refusal to properly adjust the loss." (*Id.*). In his complaint, he requests a determination of "rights, duties, and obligations with respect to . . . the subject loss." (Compl. at ¶ 54). From the face of Garcia's complaint, then, the Court finds that Garcia's claim for declaratory judgment covers the same dispute as his breach-of-contract claim. This Court has previously found that it should not hear claims for declaratory judgment on issues which are properly raised in other counts. *See Fernando Grinberg Trust Success Int'l Properties LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ, 2010 WL 2510662, at *1 (S.D. Fla. Jun. 21, 2010) (Cooke, J.) (finding plaintiff's claim for declaratory judgment subsumed by its breach-of-contract claim). Therefore, the Court dismisses Garcia's claim for declaratory judgment, with leave to amend should he believe he can adequately state a claim for declaratory judgment which is not duplicative of his breach-of-contract claim.

### C. Garcia's claim for bad faith should be dismissed.

Actions against insurers for bad faith under Fla. Stat. § 624.155 do not accrue until the insured's underlying claim for insurance benefits is resolved. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). Noting this, Garcia argues that his bad-faith claim against Scottsdale should be abated, rather than dismissed. (Pl.'s Resp. at 7). He relies primarily on a Southern District of Florida case, *Laxman v. Safeco Ins. Co. of Ill.*, where this Court found that the plaintiff's bad-faith claim should be abated for reasons of judicial economy. No. 2:14-cv-14413-RNR, 2015 WL 845582, at *2 (S.D. Fla. Feb. 25, 2015) (Rosenberg, J.). However, the Court is not convinced that, in this case, abatement is the best approach.

Premature bad faith claims based on Fla. Stat. § 624.155 may be either abated or dismissed at the discretion of the trial court. *Laxman*, 2015 WL 845582 at *2 (citing *Landmark Am. Ins. Co. v. Studio Imports, Ltd.*, 76 So. 3d 963, 964-65 (Fla. 4th DCA 2011)). Garcia asserts that abatement is the proper remedy to apply at this point, focusing on the interests of judicial economy: primarily, his desire to keep his bad-faith claim in front of the same judge who hears his breach-of-contract claim. (Pl.'s Resp. at 8). However, the Court is persuaded that dismissal of the bad-faith claim is the more appropriate action in this case. As this Court has found before, "abating the bad faith claim, even if it may be in the interest of judicial economy, is not the proper route. Bringing a premature bad faith claim is contrary to the Federal Rules of Civil Procedure." *Fantecchi v. Hartford Ins. Co. of the Midwest*, No. 15-23969-CIV-ALTONAGA, 2015 WL 12516629, at *2 (S.D. Fla. Nov. 24, 2015) (Altonaga, J.) (citing *Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1296) (M.D. Fla. 2015) (quotations omitted). Accordingly, the Court finds it more

appropriate to dismiss Garcia's bad-faith claim without prejudice rather than abate it.

### 4. Conclusion

Because Garcia's complaint does not allege specific facts in support of its legal conclusions, the Court finds he fails to adequately state a claim for breach of contract for which relief can be granted under count one. Because Garcia's complaint alleges the same grounds for his declaratory judgment claim as his breach-of-contract claim, count two is duplicative of count one. Because his claim for bad faith is untimely, count three also fails.

Based on the foregoing, the Court **grants** the Defendant's Motion to Dismiss (**ECF No. 7**). If Garcia believes he can amend his complaint, consistent with the above, to properly state a claim for breach of contract as well as a separate claim for a declaratory judgment, he must do so by **July 27, 2018**. Scottsdale must thereafter respond to any amended complaint within **fourteen days** of its filing.

**Done and ordered** in chambers, at Miami, Florida, on July 16, 2018.

_____
Robert N. Scola, Jr.
United States District Judge