United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ricardo Garcia, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-20509-Civ-Scola |
| | ) |
| Scottsdale Insurance Company, | ) |
| Defendant. | ) |

## Order

Plaintiff Ricardo Garcia complains that Defendant Scottsdale Insurance Company has failed to cover the entirety of his insurance claim for water damage sustained to his Miami residence. (Am. Compl. ¶¶ 7, 15, 20; ECF No. 14, 2–3.) In his initial complaint, Garcia alleged four counts: (1) claiming Scottsdale breached the parties' contract; (2) seeking declaratory relief; (3) alleging Scottsdale violated Florida Statutes section 624.155; and (4) petitioning for mediation. (Compl., ECF No. 1-1, 4–16.) Scottsdale moved to dismiss the first three counts of this initial complaint, arguing that Garcia failed to state a claim upon which relief can be granted. In granting the motion, the Court dismissed Garcia's statutory claim with prejudice but granted Garcia leave to "amend his complaint, consistent with the [Court's order], to properly state a claim for breach of contract as well as . . . for a declaratory judgment." (Order Granting Mot. to Dismiss, ECF No. 13, 5.)

In response, Garcia dropped his claim for declaratory relief, restated his claims for breach of contract (count one) and seeking mediation (count two) and then added the following four *new* claims: negligent misrepresentation (count three); fraudulent inducement (count four); estoppel (count five); and fraud (count six). Garcia's addition of the new counts was improper. "[W]hen a court rules on a 12(b)(6) motion and allows the plaintiff to file an amended complaint, the plaintiff's right to amend is circumscribed by the court's order." *Waxman v. Eq. Life Assurance Socy. of the United States*, 08-60657-CIV, 2009 WL 10701022, at *3 (S.D. Fla. Sept. 29, 2009) (Ryskamp, J.). That is, "the plaintiff does not have a right as a matter of course to assert amendments beyond the scope of the court's order." *Id.* If Garcia had wanted to add new claims to his complaint, "he needed first to seek leave of court in accordance with Federal Rule of Civil Procedure 15(a)(2)." *Id.* The Court thus strikes counts three, four, five, and six from the amended complaint.

In the meantime, Scottsdale has moved to dismiss these four claims as well. (Def.'s Mot., ECF No. 17.) Scottsdale's arguments are well taken. However,

because the Court strikes those counts, as set forth above, Scottsdale's motion to dismiss is denied as moot. Additionally, however, Scottsdale also asks the Court to strike from Garcia's amended complaint what it alleges are scandalous, immaterial, and impertinent allegations. (Def.'s Mot. at 6–7.) In particular, Scottsdale takes issue with the following complaint statements: "Scottsdale also made blatant misrepresentations to the Court by claiming that the initial Complaint did not give Defendant ample notice of what this claim is about" (Am. Compl. at ¶ 37); and "Scottsdale is well[]aware of the nature of this claim and it was inappropriate and improper for Defendant to represent to this Honorable Court that it does not know what the claim is about" (*id.* at ¶ 42). These allegations have "no possible relationship to the controversy" set forth in the complaint; have "no value in developing the issues of the case"; and are otherwise "irrelevant to the action." *Blake v. Batmasian*, 318 F.R.D. 698, 701, 700 nn. 2–3 (S.D. Fla. 2017) (Marra, J.). As such, the Court, in its discretion, strikes both paragraphs 37 and 42 from the amended complaint.

As set forth above, the Court **strikes** counts three through six and paragraphs 37 and 42 of the amended complaint. As such, the Court **denies** Scottsdale's motion **as moot, in part**, and **grants** it **in part**. (ECF No. 17.) Scottsdale must respond to the amended complaint on or before **January 21, 2019**.

**Done and ordered** at Miami, Florida, on January 14, 2019.

Robert N. Scola, Jr.
United States District Judge