United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ricardo Garcia, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-20509-Civ-Scola |
| | ) |
| Scottsdale Insurance Company, | ) |
| Defendant. | ) |

**Order Denying Motion for Summary Judgment**

Plaintiff Ricardo Garcia seeks to recover from his insurer, Scottsdale Insurance Company, for damages caused by a leaking water supply line in his kitchen. (Pl.'s Mot. ¶ 5, ECF No. 30, 3 (relying on exhibit C, ECF No. 30-3).) The only count remaining in Garcia's amended complaint alleges Scottsdale breached the parties' contract by failing to fully cover and pay for damage Garcia says is covered under his insurance policy. Garcia now asks the Court to grant summary judgment in his favor "as to [Scottsdale's] burden of proof." (Pl.'s Mot., at 1.) In opposition, Scottsdale contends this is an improper basis upon which to seek summary judgment (Def.'s Resp., ECF No. 33.) After review, the Court agrees with Scottsdale and **denies** Garcia's motion. (**ECF No. 30**.)

Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment, identifying each claim[,] or the part of each claim[,] on which summary judgment is sought." Here, Garcia claims he has satisfied his initial burden of establishing that a loss occurred under his insurance policy. (Pl.'s Mot. at 3.) Consequently, Garcia says, Scottsdale "now has the burden of proving that Plaintiff's damages are excluded pursuant to the terms of the subjet policy." (*Id.*) To that end, Garcia urges the Court to make a determination that Scottsdale "now carries the burden of proof in this action to establish whether [Garcia's] damages resulted from a sole or proximate cause to the loss, and that all of [Garcia's] damages . . . were excluded from coverage by the terms of the policy." (*Id.* at 11.) But which party will bear the burden of proof on a particular issue at trial is not a "claim," or "part" of a claim and therefore is not the proper focus of a summary-judgment motion. Instead, this issue is more appropriately addressed through a jury instruction, as discussed in the cases on which Garcia relies. *See, e.g., Jones v. Federated Nat'l Ins. Co.,* 235 So. 3d 936, 942 (Fla. 4th DCA 2018) (reversing and remanding based on erroneous jury instruction regarding the allocation of the burden proof between insured and insurer); *Hudson v. Prudential Prop. & Cas. Ins. Co.,* 450 So. 2d 565, 568 (Fla. 2d DCA 1984) (same).

Moreover, it appears the relief Garcia seeks is moot. Garcia's primary complaint is that Scottsdale is "attempt[ing] to put the burden on Plaintiff to disprove the exclusions proffered." (Pl.'s Mot. at 10.) And he suggests "[a] judicial determination" establishing Scottsdale's burden "will allow the parties to avoid disputing this issue during trial, to the benefit of judicial economy." (*Id.*) In its response to Garcia's motion, Scottsdale acknowledges it indeed "has the burden of proving applicable exclusions set forth in the policy." (Def.'s Resp. at 1.) Since Scottsdale does not in any way "contest that it has the burden of proving exclusions under the subject policy" (*id.* at 3), Garcia's request for relief is moot.

Additionally, to the extent Garcia means to argue summary judgment should be entered in his favor because he has shown Scottsdale will not be able to meet its burden of proof at trial, he misses the mark. To begin with, "[u]nder an all-risk insurance policy, the rule is that once the insured establishes a loss apparently within the terms of the policy, the burden is upon the insurer to prove that the loss arose from a cause which is excepted." *Jones*, 235 So. 3d at 940 (quotation omitted). To this end, Garcia's insistence that "it is undisputed that [he] met his burden" "of establishing a loss under the policy" is unsupported by the record. Instead, the inspector's record on which Garcia relies merely acknowledges "evidence of water damage . . . in kitchen area" and estimates the damages to be $8,597.24. (Report, Ex. D. to Pl.'s Mot, ECF No. 30-4, 1.) This is not conclusive proof, for the purposes of summary judgment, that Garcia has definitively established any other loss, not covered by the estimate. And before the burden shifts to Scottsdale to prove an exception to the policy, Garcia must first make his showing that, under the terms of his policy, Scottsdale has failed to pay a particular claim.

Lastly, even if the Court were to find that Garcia had met his initial burden, he has nonetheless failed to show that Scottsdale will not be able to come forward with evidence showing that Garcia's claims are excluded. "[I]t is never enough simply to state that the non-moving party cannot meet its burden at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Here, Garcia has essentially done just that, contending, "Defendant cannot offer sufficient evidence to refute Plaintiff's claimed damages . . . ." (Pl.'s Mot. at 11.) And, in any event, even if Garcia had met his initial summary-judgment burden, the record demonstrates, at a minimum, an issue of material fact regarding whether the supply line damage is subject to an exclusion. Both the letter Garcia attached to his motion, as exhibit C, from Scottsdale's counsel (ECF No. 30-3), as well as the coverage letter Scottsdale attached to its response (ECF No. 33-1)

indicate an exclusion may apply to the damage to the leaking kitchen supply line itself.[1] This too prevents the Court from granting summary judgment.

Simply put, Garcia's motion is wholly deficient—so much so that the Court questions whether it even complies with Federal Rule of Civil Procedure 11. Regardless, the Court **denies** the motion (**ECF No. 30**).

**Done and ordered** at Miami, Florida, on March 19, 2019.

Robert N. Scola, Jr.
United States District Judge

---

[1] Garcia, without explaining why, also contends Scottsdale cannot dispute Garcia's damages claims without an expert. Even if this were shown to be an accurate statement of the law, Garcia's premise fails because Scottsdale has, regardless, disclosed an expert.