United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ricardo Garcia, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-20509-Civ-Scola |
| | ) |
| Scottsdale Insurance Company, | ) |
| Defendant. | ) |

**Omnibus Order on Motions In Limine**

Plaintiff Ricardo Garcia seeks to recover from his insurer, Scottsdale Insurance Company, for damages caused by a leaking water supply line in his kitchen. (Def.'s Mot. to Exclude, ECF No. 42, 1; Pl.'s Resp., ECF No. 46, 1–2.) The only count remaining in Garcia's amended complaint alleges Scottsdale breached the parties' contract by failing to fully cover and pay for damage Garcia says is covered under his insurance policy. (Am. Compl., ECF No. 14.) Garcia and Scottsdale have both filed motions in limine, asking the Court to exclude certain evidence. The parties' requests are largely denied, as detailed below. Accordingly, both motions (Pl.'s Mot. In Limine, **ECF No. 39**; Def.'s Mot. In Limine, **ECF No. 43**) are **denied in part** and **granted in part**.

1. **Legal Standard**

A motion in limine is made before a trial has begun for the purpose of excluding or including certain evidence. 20 Am. Jur. Trials 441 § 2 (1973). In limine rulings are not binding on a trial court and remain subject to reconsideration during the course of trial. *Stewart v. Hooters of Am., Inc.*, 04-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Id*. Motions in limine are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id*. If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id*.

2. **Garcia's Motion In Limine**
A. **Garcia's Entitlement to Fees**

Garcia asks the Court to preclude Scottsdale from referencing Garcia's statutory entitlement, should he prevail in this case, to attorneys' fees. (Pl.'s Mot. at 1–3.) While Scottsdale maintains it "does not intend to put on direct evidence regarding Plaintiff's claim for attorney's fees," it nonetheless submits

the issue of attorneys' fees may be relevant to the extent a testifying witness's compensation is tied to the outcome of this litigation. (Def.'s Resp., ECF No. 47, 2.)

The Court agrees with Garcia that, ordinarily, "the amount of attorney's fees and costs is not relevant to any jury issue at trial." *Dingman v. Cart Shield USA, LLC*, No. 12-20088-CIV, 2013 WL 3353835, at *1 (S.D. Fla. July 3, 2013). On the other hand, "[m]otive and reasonableness of compensation are usually relevant and usually are questions of fact." Restatement (Third) of the Law Governing Lawyers § 117 cmt. b (2000). The Court therefore grants Garcia's request to the extent that Scottsdale is generally prohibited from referencing or eliciting references to the attorneys' fees Garcia may be statutorily entitled to should he prevail. On the other hand, the Court denies Garcia's request to the extent that a testifying witness's compensation is somehow tied to Garcia's recovery of attorneys' fees. The Court will address the logistical issues related to this matter at the upcoming calendar call in this case.[1]

**B. Agency Relationship Between Garcia and His Public Adjuster and Garcia's Prior and Subsequent Losses**

Garcia additionally urges the Court to prevent Scottsdale from (1) arguing that he and his public adjuster "have an agency relationship" (Pl.'s Mot. at 3) and (2) presenting evidence of other losses sustained by Garcia's property, aside from the losses at issue here (*id.* at 11). According to Garcia, "[t]he probative value of Plaintiff's relationship with his public adjuster is substantially outweighed by the danger of unfair prejudice, confusion of issues, and/or misleading the jury." (*Id.* at 3.) He also complains that Scottsdale's introduction of evidence regarding other losses would be "improper as irrelevant and overly confusing." (*Id.* at 11.) The Court agrees with Scottsdale that, with respect to Garcia's agency argument, "[i]t is unclear what specific testimony or argument Plaintiff is seeking to exclude" and that Garcia's request to prevent Scottsdale from addressing the relationship between Garcia and his adjuster is overbroad. (Def.'s Resp. at 2.) Regarding the other losses sustained by Garcia's property, Scottsdale submits there appears to be overlap between the losses claimed in this case—as a result of the pipe leak—and losses claimed in another case—as a result of an unrelated roof leak. (Def.'s Resp. at 5.) It appears to the Court then, that these other losses are indeed relevant.

---

[1] While neither party has raised the issue, the Court questions the propriety of such an arrangement to begin with. *See, e.g.*, Restatement (Third) of the Law Governing Lawyers § 117(2) (prohibiting the conditioning of witness compensation on the outcome of litigation); *Taylor v. Cottrell, Inc.*, 795 F.3d 813, 816 (8th Cir. 2015) (collecting cases showing that courts disagree whether such arrangements disqualify a witness from testifying at all).

The Court thus denies Garcia's requests regarding the agency issue and the other property losses, albeit without prejudice to Garcia's re-raising his objections, and will further consider these issues in context as they may arise during trial.

### C. Applicable Burdens and Damages Evidence

Next Garcia asks the Court for a "determination that Defendant must be required to establish that Plaintiff's loss is excluded under the policy" (Pl.'s Mot. at 8) and argues that the trial should be limited to a determination of damages (*id.* at 9). For the reasons set forth in the Court's order denying Garcia's motion for summary judgment, the Court denies both of these requests.

### D. Publishing of Exhibits

Garcia also asks the Court to preclude "any part[y] from publishing or presenting to the jury any . . . evidence until . . . the Court has ruled on [its] admissibility." (Pl.'s Mot. at 8.) The Court denies this request as it amounts to nothing more than a request that the rules of evidence be followed during the trial. This kind of request is inappropriate and ultimately simply serves to waste counsel's, as well as the Court's, time and resources.

### E. Affirmative Defenses

Lastly, Garcia asks the Court to bar Scottsdale from raising or referencing any affirmative defenses it failed to assert in its response to Garcia's amended complaint. (Pl.'s Mot. at 12–13.) Certainly, to the extent Scottsdale's failure to plead to an affirmative defense has resulted in the waiver of that defense, Scottsdale cannot rely on that waived defense in this case and the Court grants Garcia's request. On the other hand, Garcia does not actually specify any particular defense he is concerned about. It is thus possible that Scottsdale may avail itself of a defense that was not raised but which, for whatever reason, was not necessarily waived. To the extent that is the case, the Court denies Garcia's request without prejudice.

## 3. Scottsdale's Motion In Limine
### A. Claims Handling and Bad Faith

Scottsdale asks the Court to exclude any "evidence, testimony, or argument regarding bad faith, improper claims handling, policies, and Scottsdale's policies and procedures." (Def.'s Mot. at 4.) Scottsdale also opines, however, that "[m]atters regarding Scottsdale's evaluation and handling of the

*subject* claim are not relevant" as well. (*Id.* at 3 (emphasis supplied).) Scottsdale takes its argument too far. The Court also finds Scottsdale's request overly vague. Although certainly direct references to Scottsdale's alleged bad faith should be excluded, Scottsdale's request is otherwise denied. This issue will be further, and more readily, addressed, in context, as it arises during trial: for now, Scottdale's request is denied without prejudice.

### B. Public Adjuster Rami Boaziz

Scottsdale next submits the Court should exclude or limit the testimony of Garcia's public adjuster, Rami Boaziz. According to Scottsdale, Boaziz should not be permitted to testify as an expert because he has not provided a written report as required by Federal Rule of Civil Procedure 26(a)(2)(B). (Def.'s Reply at 2.) Further, says Scottsdale, Boaziz should not be permitted to testify as a fact witness because he does not have any personal knowledge of the issues related to this litigation. (Def.'s Mot. at 5.)

Because it appears that Boaziz has not, in fact, submitted an expert report, the Court grants Scottsdale's request to prevent him from testifying as an expert witness. This ruling however, is subject to reconsideration should Garcia present a rebuttal to Scottsdale's contention that Boaziz never provided a report.

With respect to Scottsdale's concern that Boaziz intends to testify concerning matters of which he has no personal knowledge, this is nothing more than a request that the trial proceed according to the Federal Rules of Evidence. This is inappropriate, like Garcia's request about publishing exhibits prior to their admission, and the Court therefore denies Scottsdale's request regarding Boaziz's fact testimony.

### C. Videotaped Deposition

Lastly, Scottsdale asks the Court to preclude Garcia from playing the videotaped deposition of third-party witness, and former Scottsdale employee, Joe Dye at trial. Scottsdale's objection to the deposition is that it was video recorded without proper notice. This deposition was taken on December 21, 2018. Neither Scottsdale nor the witness challenged the video taping of the deposition either before it started or during the deposition. Instead, the first time Scottsdale raised any concerns about the deposition was nearly two months later, in its motion in limine. Scottsdale's objections are untimely and therefore its request to preclude the playing of the videotaped deposition at trial, on this ground, is denied.

**4. Conclusion**

As set forth above, the Court **denies in part** and **grants in part** both Garcia and Scottsdale's motions (**ECF Nos. 39 & 43**).

**Done and ordered** at Miami, Florida, on April 4, 2019.

Robert N. Scola, Jr.
United States District Judge